UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────

BRANDON M. SPARKS

                        Plaintiff,

      v.

NANCY A. BERRYHILL,[1] Commissioner of
Social Security,

                        Defendant.
───────────────────────────────────

**DECISION
and
ORDER**

**16-CV-00724-LGF
(consent)**

APPEARANCES:            LAW OFFICES OF KENNETH R. HILLER
                            Attorneys for Plaintiff
                            ELIZABETH HUANGS, of Counsel
                            6000 Bailey Avenue
                            Suite 1A
                            Amherst, New York 14226

                            JAMES P. KENNEDY, JR.
                            UNITED STATES ATTORNEY
                            Attorney for Defendant
                            JEAN DEL COLLIANO
                            Special Assistant United States Attorney, of Counsel
                            Federal Centre
                            138 Delaware Avenue
                            Buffalo, New York 14202, and

                            STEPHEN P. CONTE
                            Regional Chief Counsel
                            United States Social Security Administration
                            Office of the General Counsel, of Counsel
                            26 Federal Plaza
                            Room 3904
                            New York, New York 10278

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn Colvin as the defendant in this suit. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On June 19, 2018, the parties consented, in accordance with a Standing Order (Dkt. No. 17), to proceed before the undersigned. (Dkt. No. 17-1). The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, filed by Plaintiff on March 13, 2017 (Dkt. No. 11), and by Defendant on June 8, 2017 (Dkt. No. 15). For the reasons discussed below, Plaintiff's motion is denied and the Commissioner's motion is granted.

## BACKGROUND and FACTS

Plaintiff Brandon Sparks ("Plaintiff"), brings this action pursuant to the Social Security Act ("the Act"), seeking review of the Commissioner of Social Security ("the Commissioner" or "Defendant") decision denying his application for Supplemental Security Income ("SSI") benefits under Title II of the Act, and Social Security Disability Insurance ("SSDI") benefits under Title XVI of the Act, together ("disability benefits"). Plaintiff, born on August 21, 1977 (R. 118),[2] alleges that he became disabled on September 1, 2011, when he stopped working as a result of bi-polar disorder, attention deficit disorder ("ADHD"), depression, and anxiety (R. 139).

Plaintiff's application for disability benefits was initially denied by Defendant on April 23, 2013 (R. 70), and, pursuant to Plaintiff's request on June 4, 2013, a hearing was held before Administrative Law Judge Grenville W. Harrop, Jr. ("Judge Harrop") or

---

[2] "R" references are to the page numbers of administrative record electronically filed in this case for the Court's review. (Dkt. No. 7).

("the ALJ") on October 21, 2014, in Buffalo, New York, at which Plaintiff, represented by Kelly Laga, Esq. ("Laga") appeared and testified. (R. 3-19). Vocational expert Timothy Janikowski ("VE" or "Janikowski"), also appeared and testified. (R. 20-50). The ALJ's decision denying Plaintiff's claim was rendered on March 12, 2015. (R. 12-19). Plaintiff requested review by the Appeals Council, and on July 13, 2016, the ALJ's decision became Defendant's final decision when the Appeals Council denied Plaintiff's request for review. (R. 1-3). This action followed on September 9, 2106, with Plaintiff alleging that the ALJ erred by failing to find him disabled. (Dkt. No. 1).

On March 3, 2017, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a memorandum of law (Dkt. No. 11) ("Plaintiff's Memorandum"). Defendant filed, on June 8, 2017, Defendant's motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Dkt. No. 15) ("Defendant's Memorandum"). Plaintiff filed a reply to Defendant's motion on the pleadings on July 6, 2017 ("Plaintiff's Reply Memorandum") (Dkt. No. 16). Oral argument was deemed unnecessary.

## DISCUSSION

A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or the decision is based on legal error. *See* 42 U.S.C. 405(g); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence" means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

## A. Standard and Scope of Judicial Review

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law judge's findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence requires enough evidence that a reasonable person would "accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). When evaluating a claim, the Commissioner must consider "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability (testified to by the claimant and others), and . . . educational background, age and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)). If the opinion of the treating physician is supported by medically acceptable techniques and results from frequent examinations, and the opinion supports the administrative record, the treating physician's opinion will be given controlling weight. *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993); 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). The Commissioner's final determination will be affirmed, absent legal error, if it is supported by substantial evidence. *Dumas,* 712 F.2d at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3). "Congress has instructed . . . that the factual findings of the Secretary,[3] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

---

[3] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

4

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability insurance benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). If the claimant is engaged in such activity the inquiry ceases and the claimant is not eligible for disability benefits. *Id.* The next step is to determine whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities as defined in the applicable regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Absent an impairment, the applicant is not eligible for disability benefits. *Id.* Third, if there is an impairment and the impairment, or an equivalent, is listed in Appendix 1 of the regulations and meets the duration requirement, the individual is deemed disabled, regardless of the applicant's age, education or work experience, 20 C.F.R. §§ 404.1520(d) and 416.920(d), as, in such a case, there is a presumption the applicant with such an impairment is unable to perform substantial gainful activity.[4] 42 U.S.C. §§ 423(d)(1)(A) and 1382(c)(a)(3)(A); 20 C.F.R. §§ 404.1520 and 416.920. *See also Cosme v. Bowen*, 1986 WL 12118, at * 2 (S.D.N.Y. 1986); *Clemente v. Bowen*, 646 F.Supp. 1265, 1270 (S.D.N.Y. 1986).

However, as a fourth step, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional

---

[4] The applicant must meet the duration requirement which mandates that the impairment must last or be expected to last for at least a twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

capacity" and the demands of any past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the applicant can still perform work he or she has done in the past, the applicant will be denied disability benefits. *Id.* Finally, if the applicant is unable to perform any past work, the Commissioner will consider the individual's "residual functional capacity," age, education and past work experience in order to determine whether the applicant can perform any alternative employment. 20 C.F.R. §§ 404.1520(f), 416.920(f). *See also Berry,* 675 F.2d at 467 (where impairment(s) are not among those listed, claimant must show that he is without "the residual functional capacity to perform [her] past work"). If the Commissioner finds that the applicant cannot perform any other work, the applicant is considered disabled and eligible for disability benefits. 20 C.F.R. §§ 404.1520(g), 416.920(g). The applicant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof on the final step relating to other employment. *Berry,* 675 F.2d at 467.

In reviewing the administrative finding, the court must follow the five-step analysis and 20 C.F.R. § 416.935(a) ("§ 416.935(a)"), to determine if there was substantial evidence on which the Commissioner based the decision. 20 C.F.R. § 416.935(a); *Richardson*, 402 U.S. at 410.

In the instant case, the only challenge Plaintiff raises is that the ALJ, at the fourth step of the analysis, failed to develop the record regarding Plaintiff's residual functional capacity.

**B.** **<u>Substantial Gainful Activity</u>**

The first inquiry is whether the applicant engaged in substantial gainful activity. "Substantial gainful activity" is defined as "work that involves doing significant and

6

productive physical or mental duties" done for pay or profit. 20 C.F.R. § 404.1510(a)(b). Substantial work activity includes work activity that is done on a part-time basis even if it includes less responsibility or pay than work previously performed. 20 C.F.R. § 404.1572(a). Earnings may also determine engagement in substantial gainful activity. 20 C.F.R. § 404.1574. In this case, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since September 1, 2011, Plaintiff's alleged onset date of disability. (R. 14). Plaintiff does not contest this finding.

## C.     **Severe Physical or Mental Impairment**

The second step of the analysis requires a determination whether the disability claimant had a severe medically determinable physical or mental impairment that meets the duration requirement in 20 C.F.R. § 404.1509 ("§ 404.1509"), and significantly limits the claimant's ability to do "basic work activities." If no severe impairment is found, the claimant is deemed not disabled and the inquiry ends. 20 C.F.R. § 404.1420(a)(4)(ii).

The Act defines "basic work activities" as "abilities and aptitudes necessary to do most jobs," and includes physical functions like walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b) ("§ 404.1521(b)"), 416.921(b). The step two analysis may do nothing more than screen out *de minimus* claims, *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995), and a finding of a non-severe impairment should be made only where the medical evidence establishes only a slight abnormality which would have no more than

7

a minimal effect on the claimant's ability to work. *Rosario v. Apfel,* 1999 WL 294727, at *5 (E.D.N.Y. Mar. 19, 1999) (quoting Social Security Ruling ("SSR") 85-28, 1985 WL 56856).

In this case, the ALJ determined that Plaintiff suffered from the severe impairments of affective disorder and anxiety. (R. 14). Plaintiff does not contest the ALJ's step two findings.

### D. Listing of Impairments

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the criteria for disability under Appendix 1 of 20 C.F.R. Pt. 404, Subpt. P ("The Listing of Impairments"), specifically 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 12.04 ("§ 12.04") (Affective Disorders), and 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 12.06 ("§ 12.06") (Anxiety Related Disorders). (R. 14-15). Plaintiff does not contest the ALJ's step three findings.

### E. Residual functional capacity

Once an ALJ finds a disability claimant does not have a severe medically determinable physical or mental impairment, 20 C.F.R. § § 404.1520(a)(4)(ii), that significantly limits the claimant's physical and mental ability to do work activities, *Berry*, 675 F.2d at 467, and the claimant is not able, based solely on medical evidence, to meet the criteria established for an impairment listed under Appendix 1, the burden shifts to the Commissioner to show that despite the claimant's severe impairment, the claimant has the residual functional capacity to perform alternative work, 20 C.F.R. § 404.1520(a)(4)(iv), and prove that substantial gainful work exists that the claimant is able to perform in light of the claimant's physical capabilities, age, education, experience,

8

and training. *Parker*, 626 F.2d 225 at 231. To make such a determination, the Commissioner must first show that the applicant's impairment or impairments are such that they nevertheless permit certain basic work activities essential for other employment opportunities. *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981). Specifically, the Commissioner must demonstrate by substantial evidence the applicant's "residual functional capacity" with regard to the applicant's strength and "exertional capabilities." *Id*. An individual's exertional capability refers to the performance of "sedentary," "light," "medium," "heavy," and "very heavy" work. *Decker*, 647 F.2d at 294.

**Duty to develop the record**

Plaintiff contends that the ALJ erred in developing the record by failing to hold the record open until missing records from Stephen Pearl, M.D. ("Dr. Pearl"), were obtained. Plaintiff's Memorandum at 8-12. Defendant maintains that the ALJ, at Plaintiff's request, agreed to hold the record open for 30 days for Plaintiff to provide additional records from Dr. Pearl, and, upon receiving no indication from Plaintiff's counsel that an extension of time was necessary to obtain the records, closed the record. Defendant's Memorandum at 16-20.

It is the duty of the ALJ to develop the administrative record. *See Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996). During Plaintiff's administrative hearing held on October 21, 2014, the ALJ granted Plaintiff's counsel 30 days to submit additional medical records from Dr. Pearl. (R. 26). More than 30 days later, on December 2, 2014, Plaintiff's counsel requested that the ALJ hold Plaintiff's record open for an additional two weeks. (R. 194). On March 12, 2015, with no additional medical records

9

from Dr. Pearl having been received, the ALJ's decision denying Plaintiff's claim was issued.

In correspondence dated May 6, 2015, Plaintiff's counsel requested the Appeals Council provide Plaintiff an extension of time to submit additional evidence. (R. 7). On June 16, 2015, The Appeals Council notified Plaintiff that no decision would be rendered on Plaintiff's case until 25 days after June 16, 2015, in order to afford Plaintiff additional time necessary to submit new evidence. (R. 5). No additional evidence was submitted to the Appeals Council by the Plaintiff, and the Appeals Council, by proffering a decision based on the evidence previously submitted to the ALJ, and, adopting the decision of the ALJ on March 12, 2015, denied Plaintiff's case on July 13, 2016. (R. 1-3). In the absence of any evidence that Plaintiff ever submitted the putative additional records the ALJ in this case properly discharged his duty to develop the record. *See Jordan v. Commissioner of Social Security*, 142 Fed. App'x. 542, 543 (2d Cir. 2005) (no remand where ALJ held record open for 30 days to provide Plaintiff's counsel the opportunity to submit additional medical records with notice that a decision on the record would be made without additional evidence timely submitted). Plaintiff's motion on this issue is without merit and is DENIED.

Plaintiff's further contention that the ALJ erred in relying on Plaintiff's global assessment of functioning ("GAF") scale scores is also without merit. In addition to discussing Plaintiff's GAF scores, the ALJ reviewed all the evidence in the record including records from Plaintiff's counseling treatment at Lakeshore Behavioral Health ("LBH") from December 3, 2012 until October 16, 2014 (R. 214-37), a consultative psychiatric evaluation conducted by Janine Ippolito, Psy.D. ("Dr. Ippolito"), on March 26,

2013, that showed Plaintiff with the ability to follow and understand simple directions and instructions, perform simple tasks independently, maintain a regular schedule, learn new tasks, make appropriate decisions, relate adequately with others, perform complex tasks with supervision, and appropriately deal with stress with a moderate limitation (R. 196-200), and Plaintiff's visits to Dr. Pearl on September 2, 2014 (R. 235), and October 16, 2014 (R. 236-37), that showed Plaintiff with improved depression with Zoloft medication. No error therefore results from the ALJ's discussion of Plaintiff's GAF scores, and the ALJ's determination that Plaintiff was not disabled is supported by substantial evidence in the record. Plaintiff's motion on this issue is denied.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion (Doc. No. 11) is DENIED; Defendant's motion (Doc. No. 15) is GRANTED. The Clerk of Court is ordered to close the file.
SO ORDERED.

*/s/ Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September 20, 2018
           Buffalo, New York